IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-40,719-03 AND WR-40,719-05






EX PARTE MICHAEL NAWEE BLAIR









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

IN CAUSE NOS. W366-81344-93 (HC3 & HC4) IN THE 366TH

JUDICIAL DISTRICT COURT OF COLLIN COUNTY





 Per curiam. 



O R D E R



 These are post conviction applications for writs of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 In September 1994, a jury found applicant guilty of the offense of capital murder. The
jury also answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071 in favor of the State, and the trial court, accordingly, set applicant's
punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Blair v. State, No. 72,009 (Tex. Crim. App. Sept. 25, 1996) (not designated for
publication). Applicant filed his initial post-conviction application for writ of habeas corpus
in the convicting court on January 20, 1998. This Court denied applicant relief. Ex parte
Blair, No. WR-40,719-01 (Tex Crim. App. Apr. 7, 1999)(not designated for publication).
This Court later dismissed applicant's first subsequent application on September 13, 2000,
and remanded his second subsequent application to the trial court on May 30, 2001, to
consider five of the issues raised. Ex parte Blair, Nos. WR-40,719-02 and -03 (Tex. Crim.
App. Sept. 13, 2000 and May 30, 2001)(neither designated for publication). While
applicant's second subsequent writ application was under consideration by the trial court,
applicant filed a third subsequent application alleging one additional claim. This third
subsequent application was remanded by this Court to the trial court to be considered with
the second subsequent writ application. Ex parte Blair, No. WR-40,719-05 (Tex. Crim. App.
Dec. 13, 2006). The trial court has returned the second and third subsequent writ
applications to this Court with its findings.

 In its findings, the trial court indicated that further DNA testing was being conducted
by the State, and since the trial court's findings were forwarded to this Court, the State has
completed the testing and submitted the testing results. However, these results were not
available to the trial court when the findings were made, and although the testing results have
been forwarded to this Court, we do not evaluate newly submitted evidence before it has
been developed in the trial court. See Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960). These cases are therefore remanded to the trial court so that it may consider the
additional DNA evidence and argument of the parties concerning it. 

 After considering the additional DNA evidence and all of the other newly discovered
evidence submitted in these writ applications, the trial court shall "assess the probable impact
of the newly available evidence upon the persuasiveness of the State's case as a whole [by] 
weigh[ing] such exculpatory evidence against the evidence of guilt adduced at trial." Ex
parte Elizondo, 947 S.W.2d 202, 206 (Tex. Crim. App 1997). The trial court shall then enter
further findings of fact and conclusions of law concerning whether applicant has shown by
clear and convincing evidence that "the newly discovered evidence, if true, creates a doubt
as to the efficacy of the verdict sufficient to undermine confidence in the verdict and that it
is probable that the verdict would be different [on retrial]." Id. (stating that "it is not
reasonable to hold, and we reject the implication . . . that confidence in a verdict is
undermined only when newly discovered evidence renders the State's case legally or
constitutionally insufficient for conviction"). The trial court shall also make any further
findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of applicant's applications for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, these applications for a post-conviction writs of habeas corpus will be held in
abeyance pending the trial court's compliance with this order. Within 45 days of the date of
this order, the trial court shall resolve these issues and have the clerk forward the record to
this Court. (1) 

 IT IS SO ORDERED THIS THE 9TH DAY OF APRIL, 2008.


Do Not Publish
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.